IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01338-BNB

BRIAN LAVERE WARING,

      Plaintiff,

v.

SCOTT STOREY,
TED MINK,
BRADLEY ALLEN BURBACK,
KELLY SMITH,
ERICK STEINMAN,
LUKE INGERSOLL,
PHILLIP GALLEGOS,
KATHERINE KNOWLES, and
OTHER UNKNOWN EMPLOYEES,

      Defendant(s).

---

## ORDER OF DISMISSAL

---

      Plaintiff, Brian LaVere Wareing, initiated this action by filing *pro se* a Complaint. He filed an amended complaint on June 4, 2012 (ECF No. 6).  He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  On July 10, 2011, Magistrate Judge Boyd N. Boland ordered Plaintiff to file a second amended complaint, on the court-approved form, that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Mr. Wareing did not file a second amended complaint by the court-ordered deadline.  Instead, he filed an "Objection and Response to Magistrate Boyd N. Boland Filing Document 7."  (ECF No. 8).

      The Court liberally construes Plaintiff's "Objection and Response to Magistrate Boyd N. Boland Filing Document 7" as an objection filed pursuant to 28 U.S.C.

§ 636(b)(1)(A).  Under § 636(b)(1)(A), a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  Mr. Wareing objects to Magistrate Judge's Boland's July 10 Order directing him to file a second amended complaint that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure.  However, Magistrate Boland's July 10 Order is neither clearly erroneous nor contrary to law.  Therefore, Mr. Wareing's liberally construed objection will be overruled.

Mr. Wareing has been granted leave to proceed without payment of an initial partial filing fee pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (2011).  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Wareing's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the amended complaint and this action.

The Court is able to discern only the following factual allegations from the amended complaint: On November 17, 2011, Defendant Gallegos, a Colorado State Patrolman, stopped Plaintiff's vehicle on Interstate 70.  On February 15, 2012, Defendants Steinman, Ingersall, and Smith arrested Mr. Wareing without displaying a

2

warrant.  Defendant Judge Burback refused to show Plaintiff a copy of the arrest

warrant during Plaintiff's three court appearances.  In addition, Mr. Wareing was forced

to sleep on a mat on the floor of the Jefferson County Detention Center while he was

detained at the jail for approximately 51 hours.  The remainder of Plaintiff's allegations

are unintelligible.  Mr. Wareing's "Response" to the July 10, 2012 Order, in which he

purports to "mak[e] an attempt to satisfy" the requirements of Rule 8, does not clarify the

factual basis of his claims against the Defendants, other than to state that he was

arrested and imprisoned without a lawfully-signed warrant.

The state court documents attached to the amended complaint reflect that on

November 17, 2011, Mr. Wareing was issued a traffic citation for speeding and for

failing to display proof of insurance.  A bench warrant was issued for Mr. Wareing's

arrest after he failed to appear in county court for an arraignment on January 12, 2012,

(ECF No. 6-1, at 3 of 7; No. 6-14).

Mr. Wareing does not state any facts to support a Fourth Amendment claim

against Defendants Gallegos based on the stop on November 17, 2011.  Under the

Fourth Amendment, an officer may make a traffic stop based on his reasonable

suspicion that a law has been violated.  *See  United States v. Vercher*, 358 F.3d 1257,

1261 (10th Cir. 2004) ("Whether a traffic stop is valid under the Fourth Amendment

turns on whether 'this particular officer had reasonable suspicion that this particular

motorist violated any one of the multitude of applicable traffic and equipment regulations

of the jurisdiction.'") (quoting *United States v. Botero–Ospina*, 71 F.3d 783, 787 (10th

Cir. 1995)).  Plaintiff does not allege that he did not violate any laws, or that Defendant

Gallegos lacked reasonable suspicion to pull him over for speeding.

3

Furthermore, to the extent Mr. Wareing attempts to assert a Fourth Amendment claim for unlawful arrest against Defendants Steinman, Ingersoll, and Smith based solely on the fact that the officers failed to display a warrant, his claim his legally frivolous.  Plaintiff does not allege that the officers lacked probable cause to arrest him. *See Stearns v. Clarkson*, 615 F.3d 1278, 1282 (10th Cir. 2010) (an arrest is justified if the officer has probable cause to believe that the arrestee is committing or has committed a crime) (internal citation omitted).

In addition, Mr. Wareing appears to assert a claim against Defendant Burback, a state county court judge, based on rulings issued by the Defendant Judge and the Defendant's failure to show Plaintiff the arrest warrant.  However, judges are absolutely immune from a civil rights suit for money damages for actions taken in their judicial capacity, unless they acted in the clear absence of all jurisdiction.  *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994).  Mr. Wareing does not allege any facts to indicate that Judge Burback was acting outside of his judicial capacity.  The claim asserted against Judge Burback is therefore barred by absolute judicial immunity.  A claim against a defendant who clearly is immune from suit is legally frivolous.  *Neitzke*, 490 U.S. at 327.

Next, Plaintiff's allegation that he was required to sleep on a mat on the floor, without more, is not sufficiently serious to invoke constitutional protections.  Pre-trial detainees have a Fourteenth Amendment due process right to humane conditions of confinement that is co-extensive with the Eighth Amendment right of convicted prisoners.  *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citing *Bell v.*

4

*Wolfish*, 441 U.S. 520, 535 (1979)).  An inmate claiming that he has been subjected to cruel and unusual punishment based on the conditions of his confinement must demonstrate, among other things, that the infringement was sufficiently serious.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  "[E]xtreme deprivations are required to make out a conditions-of-confinement claim."  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The Eighth Amendment is not violated unless the conditions deprive a prisoner of the "'minimal civilized measure of life's necessities.'"  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).  The core areas entitled to protection pursuant to the Eighth Amendment include food, shelter, sanitation, personal safety, medical care, and adequate clothing.  *See Clemmons v. Bohannon*, 956 F.2d 1523, 1527 (10th Cir. 1992).  Finally, an inmate asserting an Eighth Amendment claim must allege that the defendants acted with deliberate indifference.  Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer*, 511 U.S. at 847.  The bare allegation asserted by Plaintiff in his amended complaint does not rise to the level of an Eighth Amendment violation.  The conditions-of-confinement claim will be dismissed as legally frivolous.  *See Nietzke.*

Finally, Mr. Wareing's amended complaint substantially fails to comply with Rule 8 of the Federal Rules of Civil Procedure.  Mr. Wareing was advised in the July 10 Order that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

5

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Wareing fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  His amended complaint is largely unintelligible.  Generally, Plaintiff does not assert specific factual allegations or claims against any specific Defendant.  Although Plaintiff has attached some documents related to a state criminal proceeding to his amended complaint and to his Response to the July 10 Order, neither the Court nor Defendants are required to guess the specific factual allegations that support the claims Plaintiff is attempting to assert.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

6

sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

ORDERED that the Fourth Amendment claims and Fourteenth Amendment conditions of confinement claim, as well as the claims asserted against Judge Burback, are dismissed with prejudice as legally frivolous.  It is

FURTHER ORDERED that the remainder of the amended complaint is dismissed without prejudice for the failure of Plaintiff to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Mr. Wareing may file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __7th__ day of _____August_____, 2012.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

8